IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ALEX CALDERON-VELASQUEZ, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-1084 (AJT/JFA) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     *Defendant*. | ) | |
| | ) | |

### MEMORANDUM OPINION and ORDER

Alex Calderon-Velasquez ("Plaintiff"), a federal inmate proceeding *pro se*, has filed a complaint raising claims pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq*. [Dkt. No. 1]. Plaintiff filed an amended complaint on August 25, 2023, [Dkt. No. 19], which was served on September 19, 2023. [Dkt. No. 21]. His claim alleges Federal Bureau of Prisons ("BOP") officers were negligent in securing his personal property after he was transferred to the Special Housing Unit ("SHU") on January 30, 2020 while he was detained at the Federal Correctional Institution–Medium in Petersburg, Virginia ("FCI Petersburg"),[1] and that negligence resulted in the alleged loss/theft of his personal property. [Dkt. No. 19].[2] The Defendant, the United States (the "Government" or "Defendant"), has filed a motion to dismiss asserting that the Court does not have jurisdiction to consider Plaintiff's complaint. [Dkt. Nos. 24, 25] (the "Motion"). Plaintiff was notified of and afforded the opportunity to respond pursuant to Local Rule 7(K), in

---

[1] Plaintiff was detained at FCI-Petersburg when he filed this civil action and is presently detained at Elkton Federal Correctional Institution, Lisbon, Ohio. *See Inmate Locator*, BOP, https://www.bop.gov/inmateloc (last visited July 16, 2024). *See Jones v. Zych*, 812 F. App'x 115, 117 n.3 (4th Cir. 2020) (per curiam) (noting that the transfer of the petitioner to a facility outside the district where he was detained when he filed his civil action did not "deprive the district court of jurisdiction").

[2] The amended complaint alleges that Plaintiff's "Fourth Amendment [right] was violated because [his] property is gone." [Dkt. No. 19 at 6]. However, it is clear from Plaintiff's characterization of his claim in the amended complaint and the subsequent pleadings, *see* [Dkt. No. 1 at 4] ("gross BOP negligence"); [Dkt. No. 28 at 2] ("absolute negligence of the officers who were supposed to process [his] property"), that Plaintiff is raising an FTCA claim. Plaintiff specifically states in one of his responses that he filed an FTCA claim and only used the § 1983 form to file his amended complaint because it accompanied the Court's July 28, 2023 order to amend. [Dkt. No. 26 at 7]; *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) ("Courts are obligated to 'liberally construe' *pro se* complaints, 'however inartfully pleaded.'") (cleaned up).

accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), [Dkt. No. 24-1], and he responded, [Dkt. Nos. 26, 28]. The matter is now ripe for disposition, and for the reasons that follow, the Defendant's Motion must be granted.

## I. BACKGROUND

Plaintiff is a federal inmate detained at FCI-Petersburg in Hopewell, Virginia, and on January 30, 2020, he was moved from the Alpha-North Unit, Cell No. 58, to the SHU because of a pending investigation. [Dkt. Nos. 19 at 6; 1-3 at 18]. Plaintiff was allowed to lock his possessions in the locker within his cell—and then the cell itself was locked—before he was taken to the SHU. [Dkt. 1-3 at 2]. Plaintiff did not have a cellmate before he was moved to the SHU, and all the property in Cell No. 58 was his. [*Id.*]. After Plaintiff was moved, however, another inmate was placed in Cell No. 58, and Plaintiff's property was never secured. [*Id.*]. Plaintiff alleges that his property "was not collected nor inventoried until March 1st 2020"—a violation of "policy and other federal regulations." [Dkt. No. 19 at 6]. On March 17, 2020, Plaintiff received what "was left of [his] property," including shower shoes and "some" institutional shirts. [*Id.*]. However, all the items he purchased from the commissary and "everything else [he] owned" were allegedly missing. [*Id.*]. Plaintiff's alleged lost property, valued at $2,881.15, is listed on seven pages attached as part of his claim. [Dkt. No. 1-3 at 2, 11-17]. In short, Plaintiff alleges that his property went "missing," [Dkt. No. 19 at 6], due to "gross BOP negligence," [Dkt. No. 1 at 4].

## II. LEGAL STANDARD

The motion to dismiss is predicated on Federal Rule of Civil Procedure Rule 12(b)(1), asserting the Plaintiff's claim is barred by 28 U.S.C. § 2680(c),[3] and that, therefore, the Court lacks jurisdiction in this civil action. The FTCA creates "a limited waiver of sovereign immunity,

---

[3] The statute provides, in pertinent part, that Congress has excepted from the FTCA's waiver of sovereign immunity "[a]ny claim arising in respect of … the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer[.]" 28 U.S.C. § 2680(c).

making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); *see also* 28 U.S.C. § 1346(b) ("[D]istrict courts … shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment …."). Claims exempted from the FTCA's waiver of sovereign immunity cannot be maintained against the United States. *See Orleans*, 425 U.S. at 814 ("Since the United States can be sued only to the extent that it has waived its immunity, due regard must be given to the exceptions … to such waiver."); *Hughes v. Sullivan*, 514 F. Supp. 667, 668 (E.D. Va. 1980) (explaining that the applicability of an exception under § 2680 is a threshold question that can be determined by a court as a matter of law), *aff'd sub nom. Hughes v. United States*, 662 F.2d 219 (4th Cir. 1981).

Rule 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove subject-matter jurisdiction. *See United States v. Hays*, 515 U.S. 737, 743 (1995); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The plaintiff must "allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975).[4]

### III. ANALYSIS

The Government argues that this Court has no jurisdiction to consider this FTCA claim under 28 U.S.C. § 2680(c) because while Congress did waive sovereign immunity for some tort claims, it did not waive sovereign immunity for claims for the negligent loss of an inmate's property. [Dkt. No. 25 at 5–6]. Plaintiff responds that because he alleges that the officers were

---

[4] Additionally, "[i]n ruling on a Rule 12(b)(1) motion, the court may consider exhibits outside the pleadings." *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995).

negligent, and because the FTCA allows recovery for negligent acts, the Court therefore has jurisdiction. [Dkt. No. 28 at 2]. Plaintiff's attempt to circumvent § 2680(c) is without merit.

The United States is generally immune from suit. *See United States v. Bormes*, 568 U.S. 6, 9 (2012) (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992)) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'"). "In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008). Pursuant to § 2680(c) of the FTCA, however, "the waiver of sovereign immunity does not apply to claims arising from the detention of property by 'any officer of customs or excise or any other law enforcement officer.'" *Id.* at 215–16 (quoting 28 U.S.C. § 2680(c)). The Supreme Court has held that this exception to the FTCA's waiver of sovereign immunity applies to property claims against BOP officers. *Id.* at 228 ("Section 2680(c) foreclose lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers.").

The United State Supreme Court has construed the § 2680(c) exception "expansively to bar '"any claim arising out of" the detention of goods, includ[ing] a claim resulting from negligent handling or storage of detained property.'" *Schomaker v. United States*, 334 F. App'x 336, 339 (1st Cir. 2009) (quoting *Kosak v. United States*, 465 U.S. 848, 854 (1984)). As *Ali* explained, the § 2680(c) exception only maintains sovereign immunity for claims against law enforcement officers that "'aris[e] in respect of' the 'detention' of property." *Ali*, 552 U.S. at 228.[5] Here, Plaintiff contends that the BOP should be held accountable for its alleged "gross ... negligence," [Dkt. No. 1 at 4], and argues that "BOP staff neglected to do their job as instructed by their own policies and federal laws and regulations," which resulted in the loss of his property. [Dkt. No. 26 at 10]. Plaintiff emphasizes his point by asking a rhetorical question: "What else can we call what

---

[5] *Ali* observed that the Court had construed "detention" to encompass "claims resulting from negligent handling or storage" in its *Kosak* decision. 552 U.S. at 218 n.3 (citing *Kosak*, 465 U.S. at 853–62).

happened in my case?" and then answers, "Negligence." [Dkt. No. 28 at 2]. His argument places his claim squarely within the § 2680(c) exception. The Court therefore finds that sovereign immunity has not been waived for the instant tort action and will grant the Government's motion to dismiss based on lack of subject matter jurisdiction.[6]

Plaintiff also argues that BOP "erroneously/wrongfully categorized [his] FTCA claim as a [31 U.S.C.] § 3723" claim. *See* [Dkt. No. 26 at 12]. He asserts that while "BOP **can** process [his] FTCA claim under § 3723 in order to offer [him] relief," nothing requires that "BOP **must** use § 3723" to process his claim. [Dkt. No. 28 at 4]. In other words, Plaintiff argues that (1) claims *may* be brought under either § 3723 or the FTCA, and (2) Plaintiff chose the FTCA, therefore (3) the Government may not recategorize his FTCA claim as a § 3723 claim to deprive him of judicial review. This argument wrongfully assumes, however, that the Court has jurisdiction over property detention claims under the FTCA such that Plaintiff may choose between the FTCA and § 3723 to seek relief. As explained above, the Court does not have jurisdiction over such FTCA claims. Moreover, the Government is correct that BOP's denial of an administrative § 3723 claim is not subject to judicial review. *See, e.g.*, *Cook v. United States*, No. 0:11-320-RMG-PJG, 2012 U.S. Dist. LEXIS 16382, at * (D.S.C. Jan. 6, 2012) (noting that personal property claims against BOP are governed by 31 U.S.C. § 3723, and that the government's decisions regarding such claims "are not subject to judicial review") (citing *Merrifield v. United States*, 14 Cl. Ct. 180, 183–84 (1988), and 31 U.S.C. § 3721(k)); [Doc. No. 25] at 6–7.

---

[6] *See, e.g., Ruff v. United States*, No. 1:17-cv-148, 2018 U.S. Dist. LEXIS 100037, *1–2 (N.D.W. Va. June 14, 2018) (quoting 28 U.S.C. § 2680(c)) (dismissing the plaintiff's claim, which alleged that while incarcerated in the Special Housing Unit ... his personal property was lost or misplaced," because the FTCA expressly bars claims "'arising in respect of … the detention of any goods, merchandise, or other property' by federal law enforcement officers, including BOP employees"); *Barrett v. United States*, No. 5:14-cv-10, 2014 U.S. Dist. LEXIS 115102, *1–4 (N.D.W. Va. Aug. 19, 2014) (finding no subject-matter jurisdiction over plaintiff's FTCA claim that his personal property was stolen after "a correctional officer failed to secure his property in the plaintiff's cell after escorting the plaintiff … to the correctional officer's office" based on 28 U.S.C. § 2680(c)), *aff'd*, 585 F. App'x 49 (4th Cir. 2014).

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Government's Motion to Dismiss, [Dkt. No. 24], be, and the same hereby is, **GRANTED.**

This is a final Order for the purposes of appeal. To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed, pursuant to Fed. R. Civ. P. 58, to enter final judgment in favor of the Defendant, to send a copy of the Memorandum Opinion and this Order to plaintiff *pro se* and to counsel of record for Defendant, and to close this civil action.

Entered this 19th day of August 2024.

Alexandria, Virginia

/s/
Anthony J. Trenga
Senior United States District Judge